# Case No. 15,671.

## UNITED STATES v. McDOWELL.

[4 Cranch, C. C. 423.] [1]

Circuit Court, District of Columbia. March Term, 1834.

### KEEPING HOUSE OF ILL FAME—WITNESS.

1. Upon an indictment for keeping a house of ill fame, evidence may be given of the ill fame of its inhabitants, but the witness will not be required to disclose their names.

2. The attorney of the United States will not be permitted to prove that his own witness is a woman of ill fame.

Indictment [against Sally McDowell] for keeping a bawdy-house.

Mahala Tennison, a witness for the United States, had stated that she had lived in the house, and was asked what other women lived there.

W. L. Brent, the defendant's counsel, objected to the question, and cited Hodgkins' Case, Russ. 619.

THE COURT (nem. con.) overruled the objection, but refused (CRANCH, Chief Judge, doubting) to require the witness to disclose the names of the women; because the persons, if named, would have no means of repelling the infamy which it would cast upon them.

Mr. Key, for the United States, then called a witness to prove that his witness, Mahala Tennison, was a woman of ill fame.

Mr. Brent, for the defendant, objected, and THE COURT (nem. con.) sustained the objection.

Verdict, "Not guilty."

# Case No. 15,672.

## UNITED STATES v. McDUELL.

[5 Cranch, C. C. 391.] [1]

Circuit Court, District of Columbia. March Term, 1838.

### KEEPING DANGEROUS DOG—INDICTMENT—SCIENTER.

1. Quære, whether, in an indictment for keeping a large dog of a fierce and furious nature, and suffering him to go at large in and about the public streets, &c., to the terror of the people and common nuisance, it is necessary to allege a scienter?

2. It is an indictable offence at common law, to incite, provoke, and encourage a fierce and dangerous dog to bite and tear a cow.

Indictment [against Henry McDuell] containing two counts: First, for keeping a "certain large dog of a very fierce and furi-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ous nature," and suffering the same "to go unmuzzled and at large in and about the public streets and highways in the county," "by reason whereof the good citizens of the United States," "were in great danger and hazard of being bit, maimed, and torn by the said dog, and of losing their lives, to the great damage, terror, and common nuisance of the good people of the United States, at the county aforesaid, passing and repassing; to the evil example of all others, and against the peace and government of the United States." The second count charged that the defendant, "at the county aforesaid, in the public streets of the said county, did unlawfully incite, provoke, and encourage a certain fierce and dangerous dog to bite a certain cow belonging to one Thomas Stanley, and the said cow seriously and severely to maim and tear, whereby the said cow was much injured, to the great damage of the said cow, and to the great damage of the said Thomas Stanley, and against the peace and government of the United States."

Mr. Hoban, for the defendant, moved to quash this indictment for want of a scienter; and cited Starkie. Cr. Pl., and Mason v. Keeling. 12 Mod. 332, and 3 Bl. Comm. (Am. Ed.) 154, in notes.

Mr. Key, contra, cited 3 Chit. 643.

THE COURT (nem. con.) refused to quash the indictment, but told Mr. Hoban they would hear the question again, upon a motion in arrest of judgment, if the defendant should be convicted.

Verdict, not guilty on the first count; but guilty on the second count.

Motion in arrest of judgment, overruled. Fined $20 and cost.